SALOME HINDERT

v.

GEORGE SCHNEIDER.

1. PROMISSORY NOTE—THREATS—WANT OF CONSIDERATION.—To an action on two notes the defendant pleaded no consideration, and that the notes were obtained under threats to contest the last will of his father, under which defendant was principal legatee, if they were not given. The court is of opinion, from a consideration of the case, that the evidence fails to establish the defense set up, and holds the notes to have been given for a valuable consideration.

2. SETTLEMENT OF DISPUTED CLAIM—LIMITATION OF TIME TO CONTEST WILL.—The evidence going to show that shortly after the death of the testator, appellee made a settlement with appellant of her claim to her father's estate, who agreed to give her a certain sum if she would not contest the will, and after the lapse of five years, gave his notes for such sum, the fact that the time allowed to contest the will had passed before the notes were given, does not affect their consideration, the consideration being the amount promised under the settlement, and not the settlement of the will controversy.

3. ACCEPTANCE OF LEGACY NOT AN ESTOPPEL.—An instruction that if a person accepts a legacy under a will, he is estopped from claiming the will invalid, was erroneous in this case, the evidence tending to show that the legacy was accepted and receipt given therefor with the distinct understanding that it should not be considered a release of appellant's claim under the settlement, but only to enable appellee to settle the estate.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed July 16, 1879.

Messrs. CHITTY, CASSELL & GIBSON, and Mr. M. L. NEWELL, for appellant; that the notes given in evidence made a *prima facie* case and cast the burden of disproving them upon the defendant, cited Stacker v. Watson, 1 Scam. 207; Delahay v. Clement, 2 Scam. 575; Mitchell v. Sheldon, 2 Black. 185; Eich v. Sievers, 73 Ill. 194; Topper v. Snow, 20 Ill. 434; Russell v. Cook, 3 Hill 505; Pixley v. Boynton, 79 Ill. 351; Watt v. Kirby, 15 Ill. 200; Union Nat. Bank v. Baldenwick, 45 Ill. 375; Bonnell v. Wilder, 67 Ill. 327; Broughton v. Smart, 59 Ill. 440.

The consideration need not be adequate in point of value: 1 Chitty on Contracts, 29; 1 Wait's Actions and Defenses, 93; Buchanan v. International Bank, 78 Ill. 500.

The compromise of a disputed claim is a sufficient consideration for a contract: 1 Chitty on Contracts, 29; 1 Wait's Actions and Defenses, 95; Scott v. Warner, 2 Laws. 49; Stewart v. Shuenfedt, 4 Denio, 189; Farmers' Bank v. Blair, 44 Barb. 641; Russell v. Cook, 3 Hill, 504; Keefe v. Vogel, 36 Iowa, 87; Donner v. Church, 44 N. Y. 647; Seaman v. Seaman, 12 Wend. 381; Palmer v. North, 35 Barb. 282; Bedell v. Bedell, 3 Hun. 580; Hill v. Buckminster, 5 Pick. 393; Pitkin v. Noyes, 48 N. H. 294; McKinley v. Watkins, 13 Ill. 140; Miller v. Hawker, 66 Ill. 185; Husband v. Epling, 81 Ill. 172; Taylor v. Patrick, 1 Bibb. 168; Longridge v. Dorville, 5 B. & Ald. 117; Honeyman v. Jarvis, 79 Ill. 318; Stapleton v. Stapleton, 1 Atk. 12.

Where a verdict is palpably against the weight of evidence it should be set aside: Scott v. Blumb, 2 Gilm. 595; Lowry v. Orr, 1 Gilm. 70; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchett, 16 Ill. 66; Gordon v. Bullock, 11 Ill. 142.

Messrs. BARNES & MUIR, for appellee; that a new trial will not be granted on the ground that the evidence is conflicting, cited Pres. Church v. Emerson, 66 Ill. 269; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Guerdon v. Corbett, 87 Ill. 272.

LACEY, J. This suit was brought to recover on two promissory notes for $333.33 each, made by appellee, payable to appellant, dated Nov. 8, 1875, due in two and three years from date. Appellee pleaded want of consideration, setting up that appellant procured the notes by threatening appellee that she would proceed to contest her father's will unless defendant would make and deliver to her his notes for the sum of $1,500.

That appellant knew she had no claim, and made the threats to harass him and induce him to make and deliver the notes, and that in consequence of such threats he executed the notes.

It appears from the evidence in the case that George J. Schneider, father of appellant and appellee, died in January,

Hindert v. Schneider.

1870; that his will was admitted to probate February, 1870. The will gave to appellant $300, and appellee the farm and improvements, worth $5,000. This was about all there was of the estate.

The appellant, not being satisfied with the will, employed counsel to institute proceedings to have the will annulled. Her attorney, Newell, undertook the case, procured a copy of the will, examined it and obtained such information and evidence as fully satisfied him that it could be successfully contested. This was in 1870. He reported this to appellant, and she instructed him to take the necessary steps to institute suit. He had prepared a draft of a bill for that purpose when appellant's husband reported to her attorney that they had settled, and to go no further.

As to what this settlement was there is some little conflict in the evidence.

August Hindert, husband of appellant, testified that he saw appellee in May, 1870; his wife was not satisfied with the will; they talked the matter over appellee said he would do something, but they did not agree on a price; he saw several lawyers and one Newell, whom he employed to contest the will; he told his wife what Newell said about the validity of the will; she said if he, appellee, would settle, she would not go to law; at last he consented to pay $2,000, including the $300 willed to her; he paid the $300 in June, 1872, at Minonk; the defendant said he would not give his notes, but would pay the money, which he could do without giving the notes, when he got it; my wife wanted notes; defendant finally said he would pay the $2,000 in four or five years, when he got able; my wife concluded to let it go at that.

J. G. Hindert, father of August, testified to the same in substance. Defendant said Dent told him not to give the notes. In opposition to this testimony, the appellee alone testifies: " I did not owe any of them a cent. I had never promised to give the notes. The first summer after father died, I told August I would give Sally something; nothing said about how much."

Following this, at about the expiration of five years from the

date of that first negotiation, the appellee, with full knowledge of all his rights and all the facts, had a complete settlement of the matter with appellant, and after deducting the three hundred dollars he had paid, and two hundred dollars he had paid on account for grain, gave his notes for fifteen hundred dollars, the two notes sued on being a portion of the notes.

It seems that the notes were given in final settlement of the balance of the amount promised in 1870, according to appellant's claim, which was voluntarily yielded to by appellee with full information of all the facts.

If, as claimed by appellant, there was such a settlement of the will controversy under the circumstances, as shown by the evidence, the contract would be binding without the giving of the notes, there being nothing in the evidence to show bad faith on the part of appellant, or that her claim was without merits.

If this was followed up by the giving of the notes by appellee, voluntarily, without imposition, the consideration of the notes would be good though the time for contesting the will had passed; the consideration of the notes being the amount promised under the settlement, and not the settlement of the will controversy.

Under the evidence, as it was in this case, it was improper to give instructions 7, 8 and 9 for appellee. No. 7 instructs the jury that if a person accepts a legacy under a will he is estopped from claiming the will invalid. It appears from the evidence, that after the agreement to pay $2,000, including the $300 legacy, appellant gave a receipt for $300, and by her receipt, in terms released all her claims against the estate, but, as her husband testifies, with the distinct understanding that she should not be considered to release her claim under the settlement, but only to enable appellee to settle with the estate. Under the evidence in this case, it was highly calculated to mislead the jury, and the remainder of the instruction did not cure this part of it, but was also calculated to mislead.

No. 8 instructs that if a person wishes to contest a will, he must commence within five years after probate.

This could have no possible application in this case, as the settlement, if any, was made in 1870, less than a year after the

will was probated. It could only have the effect to give the jury the impression that the Court intended to instruct them that if the notes were not given within five years then they were void, because it was past the time to contest the will.

Under the evidence this could make no difference if appellant's claim of settlement were true. The 9th instruction is erroneous, because it shifts the burden of proof from appellee to appellant. The instruction is as follows:

(9.) "If plaintiff claims the notes in evidence were given in settlement of threatened litigation to break the will, made in good faith, and if there is no evidence showing that there was any reason for, or ground for, such claim or litigation, or anything to show they had any reason for making such threats, or instituting such litigation, then they alone constitute no consideration for any such note or promise."

The appellee's plea sets up that the notes were given without consideration.

It was appellee's duty, if he expected to make good such plea, to support it by proof to the full extent required by the instruction of appellant.

On the whole record, we think the verdict was manifestly against the weight of the evidence.

The judgment of the Court below is reversed and the cause remanded.

Reversed and remanded.